IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Manhar P Rama, Mahesh Kisan, and<br>Jayesh D. Patel,<br><br>    Plaintiffs,<br><br>v.<br><br>Zygor Energy, Inc., Inder Jeet Sharma, and<br>Rama Sharma,<br><br>    Defendants. | Case No. _____ |

## COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF GUARANTY AGREEMENT

Plaintiffs, Manhar P. Rama ("Rama"), Mahesh Kisan ("Kisan"), and Jayesh D. Patel ("Patel")(collectively the "Plaintiffs"), by and through their counsel, and for their Complaint for Breach of Contract (Settlement Agreement) and Breach of Guaranty Agreement (the "Complaint") against Defendants Zygor Energy, Inc., ("Zygor"), Inder Jeet Sharma ("Inder Sharma") and Rama Sharma ("Rama Sharma")(Zygor, Inder Sharma, and Rama Sharma may be collectively referred to as the "Defendants"), states as follows:

### INTRODUCTION

1. Plaintiff Manhar P. Rama at all times relevant to this Complaint was a resident of the State of Florida, and has a principal address of 9036 Mayfair Point Drive, Orlando, FL 32827.

2. Plaintiff Mahesh Kisan at all times relevant to this Complaint was a resident of the State of Tennessee, with a principal address of 622 Rivergate Parkway, Goodlettsville, TN 37072-2336.

3. Plaintiff Jayesh D. Patel at all times relevant to this Complaint was a resident of the State of Tennessee, and has a principal address of 6000 Murray Lane, Brentwood, TN 37027.

4. Defendant Zygor Energy, Inc., is an incorporated company organized under the laws of the state of California. Upon information and belief, no member of Zygor is a citizen of Tennessee or Florida. Zygor may be served with process through its registered agent Inder Jeet Sharma, at 6415 E. Stonebridge Lane, Anaheim, California 92807. Zygor executed a settlement agreement (the Settlement Agreement") with the Plaintiffs on February 11, 2022.

5. Defendant Inder Jeet Sharma at all times relevant to this Complaint was (and is) a resident of the State of California, with a principal address of 6415 E. Stonebridge Lane, Anaheim, California 92807. Inder Sharma executed a guaranty agreement (the "I. Sharma Guaranty Agreement"), in connection with the Settlement Agreement, in favor of the Plaintiffs on January 10, 2022. Inder Sharma is the principal owner of Zygor.

6. Defendant Rama Sharma at all times relevant to this Complaint was (and is) a resident of the State of California, with a principal address of 6415 E. Stonebridge Lane, Anaheim, California 92807. Rama Sharma executed a guaranty agreement (the "R. Sharma Guaranty Agreement"), in connection with the Settlement Agreement, in favor of the Plaintiffs on January 10, 2022. The I. Sharma Guaranty Agreement and R. Sharma Guaranty Agreement may be collectively referred to as the "Guaranty Agreements." Rama Sharma is the spouse of Inder Sharma.

## JURISDICTION AND VENUE

7. The Defendants and Plaintiffs are of diverse citizenship.

8. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

9. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a)(1).

10. This Court has in personam jurisdiction pursuant to Rule 4 of the Federal Rules of Civil Procedure by means of Tennessee's long-arm statue under T.C.A. § 20-2-201. Under Tennessee law, personal jurisdiction extends to the full extent the United States Constitution permits. In doing

business with Tennessee residents, receiving the benefit of its bargain from those same Tennessee residents, and exchanging in numerous dialogues where two of the Defendants' documents state their Tennessee location, it would be fair and reasonable to conclude that Defendants could anticipate being hailed into a Tennessee court should any agreement be breached, or one party not uphold its end of the agreement.

11. Furthermore, pursuant to the terms of the Settlement Agreement and Guaranty Agreements that are at issue in this case, the Defendants have consented to the jurisdiction of this Court.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the funds provided to Zygor, which gives rise to the settlement agreement and this action, originated from this District. Additionally, the Defendant have agreed to the venue of this action pursuant to the terms of the Settlement Agreement and Guaranty Agreement.

## FACTUAL BACKGROUND

13. Plaintiffs incorporate the allegations of the proceeding paragraphs of the Complaint as if fully restated herein.

14. The Plaintiffs have had previously business dealings with the principal of Zygor, Inder Sharma. Those business dealings were largely associated with the hotel and hospitality industry.

15. Inder Sharma, on behalf of Zygor, reached out to the Plaintiffs in search of funding for a new venture, which eventually became Zygor.

16. The initial purpose of Zygor was to create an electric bike to be sold and use for transportation purposes. Zygor claimed to have exclusive technology associated with the electric engines used for the bikes.

17. Through the course of these discussions, Inder Sharma, on behalf of Zygor, solicited the Plaintiffs for loans to be used in connection with the electric bike technology by Zygor.

18. Rama loaned $300,000.00 in funds to Zygor. Kisan provided $225,000.00 in funds to Zygor, and Patel provided $800,000.00 in funds to Zygor. These transfers all occurred between September 2016 and September 2019.

19. Upon the initial funds provided to Zygor, the Plaintiffs were promised certain stock ownership in Zygor. Throughout the transfers of funds, no ownership interest or stock in Zygor was ever provided to Plaintiffs.

20. On July 30, 2021, the Plaintiffs filed a Complaint (the "Prior Complaint") against Zygor in the U.S. District Court for the Middle District of Tennessee (Case No. 3:21-cv-00587). The Prior Complaint alleged breach of contract and breach of loan agreement claims against Zygor. Zygor was served with process on the Prior Complaint on August 12, 2021.

21. Zygor failed to respond to the Prior Complaint and the Plaintiffs sought, and received, an entry of default from the clerk on October 25, 2021.

22. Following the entry of default, Zygor and Inder Sharma sought to resolve the matter with the Plaintiffs without the Plaintiff's further pursuit of a default judgment against Zygor.

23. The Plaintiffs negotiated a resolution to the Prior Complaint with Zygor, which included a guaranty of payment by both Inder Sharma and Rama Sharma. As outlined in Paragraph 4 above, Zygor executed the Settlement Agreement with Plaintiffs on February 11, 2022. A copy of the settlement agreement is attached hereto as Exhibit A.

24. On January 10, 2022, as outlined in Paragraphs 5-6 above, both Inder Sharma and Rama Sharma executed Guaranty Agreements whereby each party jointly and severally guaranteed Zygor's payment obligations to the Plaintiffs as outlined in the Settlement Agreement. A copy of the

I. Sharma Guaranty Agreement is attached hereto as <u>Exhibit B</u>. A copy of the R. Sharma Guaranty Agreement is attached hereto as <u>Exhibit C</u>.

25. The terms of Settlement Agreement require that Zygor pay a settlement payment in the amount of $1,346,000.00 (the "Settlement Payment") to the Plaintiffs in satisfaction of the Prior Complaint. The Settlement Payment encompassed all amounts owed to the Plaintiffs by Zygor, including fees and costs associated with the initial collection attempts and the litigation of the Prior Complaint. The Settlement Payment accrues interest at a rate of six (6) percent from the date of the first funds provided to Zygor from the Plaintiffs and continuing until all amounts are paid in full.

26. The Settlement Payment was to be paid to the Plaintiffs in two equal payments ($673,000.00). The first installment payment was due to Plaintiffs by 5 p.m. on the 240th day following execution of the settlement (the "First Installment Payment"). The due date for the First Installment Payment was October 9, 2022.

27. The second installment payment would be due on the 360th day following the execution of the Settlement Agreement. The second installment payment would be due February 6, 2023.

28. In addition to the Settlement Payment, the Settlement Agreement required Zygor to provide various documents to the Plaintiffs. Those documents are outlined in Paragraph 2 of the Settlement Agreement.

29. Zygor failed to make the First Installment Payment to the Plaintiffs as outlined in the Settlement Agreement. Pursuant to the terms of the Settlement Agreement, Zygor is in default of the Settlement Agreement by its failure to pay the First Installment Payment.

30. The Settlement Agreement provides for the payment of attorneys fees and costs for the prevailing party in the pursuit of a default of the Settlement Agreement. *See* Paragraph 16, Settlement Agreement.

31. Pursuant to the terms of the Guaranty Agreements, Inder Sharma and Rama Sharma, agrees as follows:

> "absolutely, unconditionally, and irrevocably guarantees to Beneficiaries [Plaintiffs] the full and punctual payment and performance of all present and future obligations, liabilities, covenants and agreemnts required to be observed and performed or paid or reimbursed by Zygor under or relating to the Agreement, plus all costs, expenses and fees (including the reasonable fees and expenses of Beneficiaries' counsel) in any way relating to the enforcement or protection of Beneficiaries' rights."

*See* Paragraph 1, I. Sharma Guaranty Agreement & R. Sharma Guaranty Agreement

32. Zygor's default of the Settlement Agreement, as outlined in Paragraph 29, trigger the terms of the Guaranty Agreements. Inder Sharma and Rama Sharma are unconditionally responsible for all amounts owed to Plaintiffs under the Settlement Agreement, including any additional attorneys fees and expenses incurred as a result of the collection efforts herein.

33. Pursuant to the default provisions of the Settlement Agreement, the Plaintiffs are immediately owed the full balance of the Settlement Payment ($1,346,000.00), along with all costs associated with the collection efforts from Zygor, Inder Sharma, and Rama Sharma.

34. The actions of Zygor, Inder Sharma, and Rama Sharma have caused significant damage to the Plaintiffs.

**COUNT I – [Breach of Contract/Settlement Agreement]**

35. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though fully stated herein.

36. In exchange for the resolution of the Prior Complaint, Zygor agreed to provide the Plaintiffs with the Settlement Payment, as outlined in the Settlement Agreement.

37. At all times relevant, the Plaintiffs have fully performed under the Settlement Agreement.

38. As of the date of this Complaint, the Plaintiffs have not received the First Installment Payment or any other payment on the Settlement Payment from Zygor.

39. Zygor's failure to provide the First Installment Payment to the Plaintiffs is a breach of the Settlement Agreement between the parties.

40. The Plaintiffs have been severely damaged by Zygor's breach of the Settlement Agreement.

41. Accordingly, Plaintiffs are entitled to recover from Zygor the entirely of the Settlement Payment of $1,346,000.00, with interest at the rate of six (6) percent [accruing from September 20, 2016 until balance is paid in full provided], attorneys fees and other expenses incurred by Plaintiffs in pursuit of the default, and together with any other damages that are proven have been proximately caused by Zygor's breach of the Settlement Agreement.

## COUNT II – [Breach of Guaranty Agreement]

42. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though fully stated herein.

43. As outlined above, Zygor has defaulted on its obligations under the Settlement Agreement and all amounts provided for in the Settlement Agreement are immediately due and owing to the Plaintiffs.

44. Pursuant to their obligations under the Guaranty Agreements, Inder Sharma and Rama Sharma are joint and severally liable for all of Zygor's obligations to Plaintiffs in the Settlement Agreement. Inder Sharma and Rama Sharma have not provided the Settlement Payment to Plaintiffs, and are therefore, in default of the Guaranty Agreements.

45. All amounts provided for in the Settlement Agreement are immediately due and owing to the Plaintiffs by Inder Sharma and Rama Sharma.

46. Plaintiffs have been damaged by Inder Sharma's and Rama Sharma's failure to make the Settlement Payment and default of the Guaranty Agreement.

### COUNT III – [Unjust Enrichment]

47. Plaintiffs incorporate the allegations contained in the preceding paragraphs as though fully stated herein.

48. The Defendants have been unjustly enriched by the resolution of the Prior Complaint by Plaintiffs and the Defendants' failure to provide the Settlement Agreement to the Plaintiffs.

49. Pursuant to the equitable principle of unjust enrichment, Zygor, Inder Sharma, and Rama Sharma are required to make payment to the Plaintiffs in the amount of $1,346,000.00, plus interest and other costs.

WHEREFORE, Plaintiffs pray for the following relief:

A. That process issue upon Defendant Zygor Energy, Inc., and that Defendant Zygor Energy, Inc. be required to answer or otherwise respond to the Complaint within the time provided by law;

B. That process issue upon Defendant Inder Sharma and that Defendant Inder Sharma be required to answer or otherwise respond to the Complaint within the time provided by law;

C. That process issue upon Defendant Rama Sharma and that Defendant Rama Sharma be required to answer or otherwise respond to the Complaint within the time provided by law;

D. That Plaintiffs be awarded a judgment against Zygor in the amount of $1,346,000.00, plus any other damages that are proven to have been proximately caused by Zygor's breach of the Settlement Agreement;

E. That Plaintiffs be awarded a judgment against Inder Sharma in the amount of $1,346,000.00, plus any other damages that are proven to have been proximately caused by Zygor's

breach of the Settlement Agreement and Inder Sharma's breach of the I. Sharma Guaranty Agreement;

F. That Plaintiffs be awarded a judgment against Rama Sharma in the amount of $1,346,000.00, plus any other damages that are proven to have been proximately caused by Zygor's breach of the Settlement Agreement and Rama Sharma's breach of the R. Sharma Guaranty Agreement;

G. That Plaintiffs be awarded their attorneys' fees and expenses, against Zygor, Inder Sharma, and Rama Sharma to the maximum extent permitted by law;

H. Pre-judgment interest at the rate of six (6) percent accurring from September 20, 2016 to judgment and post-judgment interest at the rate of six (6) percent from the date of judgment until all amounts are paid in full;

I. That all costs in this action be taxed to Defendants; and

J. For such other and further relief as the Court deems appropriate.


Dated: November 7, 2022

Respectfully Submitted,

/s/ Justin T. Campbell
Justin T. Campbell (TN Bar No. 031056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Phone: 615.465.6000
Email: justin@thompsonburton.com

*Attorneys for Plaintiffs*